# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAILEY MICHELE EMERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security[1],<br><br>　　　　　Defendant.<br>_____/ | Case No.  1:20-cv-00461-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.     INTRODUCTION

On March 31, 2020, Plaintiff Shailey Michele Emery ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").  (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

///

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of the Social Security Administration.  She is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [her] official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (Docs. 6, 10.)

## II.     BACKGROUND

On July 21, 2016, Plaintiff protectively filed an application for SSI payment, alleging she became disabled on January 16, 2015, due to bipolar disorder with psychotic features, social anxiety disorder, chronic back pain, and chronic post-traumatic stress disorder ("PTSD"). (Administrative Record ("AR") 21, 131, 146, 276, 280.) Plaintiff was born on January 16, 1989, and was 26 years old as of the alleged onset date. (AR 130.) Plaintiff obtained her GED in 2009 and completed cosmetology school in 2013. (AR 281.)

### A.     Relevant Medical Evidence[3]

#### 1.     Consultative Examiner Emmanuel Fabella, M.D.

On November 1, 2016, Dr. Fabella, an internal medicine physician, conducted an internal medicine evaluation of Plaintiff. (AR 402–07.) Dr. Fabella noted that Plaintiff was extremely obese and had been having back pain for the past ten years. (AR 402.) After examining Plaintiff, Dr. Fabella assessed Plaintiff's physical residual functional capacity ("RFC")[4]. (AR 406.) Dr. Fabella opined that Plaintiff was limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently due to her low back pain, and occasionally climbing, balancing, kneeling, and crawling due to low back pain and extreme obesity. (AR 406.) Dr. Fabella further opined that Plaintiff was unable to walk on uneven terrain, climb ladders, and work at heights due to her low back pain and extreme obesity. (AR 406.)

#### 2.     State Agency Physicians

On December 20, 2016, S. Hanna, M.D., a Disability Determinations Service medical consultant, reviewed the record and opined that Plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently. (AR 140.) Dr. Hanna further opined that Plaintiff could sit, stand, and walk for about six hours in an eight-hour workday. (AR 140.) Upon reconsideration on

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling ("SSR") 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

March 2, 2017, another state agency physician, E. Wong, M.D., reviewed the record and affirmed Dr. Hanna's findings. (AR 156.)

**B.     Administrative Proceedings**

The Commissioner initially denied Plaintiff's application for SSI on December 21, 2016. (AR 167.) Plaintiff's application was denied again on reconsideration on March 6, 2017. (AR 173, 176.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 183.) At the hearing on November 29, 2018, Plaintiff appeared with counsel and testified before an ALJ as to her alleged disabling conditions. (AR 45–62.)

At the hearing, the ALJ asked a Vocational Expert ("VE") to consider a hypothetical person with the following physical limitations: lift or carry 50 pounds occasionally and 25 pounds frequently; stand or walk at least six hours; sit at least six hours; occasionally kneel, crouch, or crawl; and occasionally climb ladders or scaffolds. (AR 63–64.) The ALJ also indicated that the hypothetical person had mental limitations, and any jobs identified should be limited to those with a reasoning level of 1 or 2. (AR 63–64.) The VE testified that such a person could perform the following jobs in the national economy: hand packager, Dictionary of Operational Titles ("DOT") code 920.587-018, which was medium work, with a specific vocational preparation ("SVP")[5] of 2; machine packager, DOT code 920.685-078, medium, SVP of 2; and cleaner II, DOT code 919.687-014, medium, SVP of 1. (AR 64.)

**C.     The ALJ's Decision**

In a decision dated February 27, 2019, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 21–34.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 24–34.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 21, 2016, the application date (step one). (AR 24.) At step two, the ALJ found Plaintiff's following impairments to be severe: bipolar disorder, PTSD, and generalized anxiety disorder. (AR 24.) Plaintiff did not have an impairment or combination of impairments

---

[5] Specific vocational preparation, as defined in the DOT, App. C, is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. DOT, Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991). Jobs in the DOT are assigned SVP levels ranging from 1 (the lowest level – "short demonstration only") to 9 (the highest level – over 10 years of preparation). *Id*.

that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 26.)

The ALJ then assessed Plaintiff's RFC and applied the RFC assessment at steps four and five. *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: [Plaintiff] can perform simple and repetitive tasks. She can perform work involving occasional interaction with supervisors, coworkers, and the public. She can never work at a production rate pace. She needs 15-minute breaks every two hours.

(AR 27.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" he rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record[.]" (AR 28.)

The ALJ determined that Plaintiff had no past relevant work (step four). (AR 32.) Ultimately, the ALJ concluded that Plaintiff was not disabled because Plaintiff could perform a significant number of other jobs in the national economy, specifically hand packager, machine packager, and cleaner II (step five). (AR 33.)

Plaintiff subsequently sought review of the ALJ's decision before the Appeals Council, which denied review on January 27, 2020. (AR 1, 7.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

### III.   LEGAL STANDARD

**A.   Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). However, "[a]n individual shall be determined to be under a disability only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er]

4

previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 1382c(a)(3)(B).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also* 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.   Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

5

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.   DISCUSSION

Plaintiff contends that the ALJ's RFC determination is unsupported by substantial evidence. (Doc. 15 at 11–18.) With regard to Plaintiff's physical RFC, Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's obesity and erred in his assessment of Drs. Fabella's and Wagner's opinions regarding Plaintiff's physical limitations. (*Id.* at 12–15.) As for the mental RFC determination, Plaintiff claims that the ALJ failed to address the state agency physicians' opinions that Plaintiff could perform only one-to-two-step tasks and improperly discounted the opinion of Certified Nurse Practitioner ("CNP") Theresa Gilliland regarding Plaintiff's mental limitations. (*Id.* at 11–12, 15–18.) For the reasons explained below, the Court finds that the ALJ's rejection of Dr. Fabella's opinion was improper, and that error was not harmless. Because the Court will remand the matter on that basis, the Court will decline to address Plaintiff's remaining assertions of error.

**A.   The ALJ Erred in Rejecting Dr. Fabella's Opinion and Failed to Properly Assess the Impact of Plaintiff's Obesity**

   **1.   Legal Standard**

The ALJ must consider and evaluate every medical opinion of record. *See* 20 C.F.R. § 404.1527(b) and (c) (applying to claims filed before March 27, 2017); *Mora v. Berryhill*, No. 1:16–cv–01279–SKO, 2018 WL 636923, at *10 (E.D. Cal. Jan. 31, 2018). In doing so, the ALJ "cannot reject [medical] evidence for no reason or the wrong reason." *Mora*, 2018 WL 636923, at *10. Cases in this circuit distinguish between three types of medical opinions: (1) those given by a physician who treated the claimant (treating physician); (2) those given by a physician who examined but did not treat the claimant (examining physician); and (3) those given by a physician who neither examined nor treated the claimant (non-examining physician). *Fatheree v. Colvin*, No. 1:13–cv–01577–SKO, 2015 WL 1201669, at *13 (E.D. Cal. Mar. 16, 2015). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citations omitted); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) ("By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." (citing 20 C.F.R. § 404.1527)).

7

"To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions." *Cooper v. Astrue*, No. CIV S–08–1859 KJM, 2010 WL 1286729, at *2 (E.D. Cal. Mar. 29, 2010). An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citing *Ryan*, 528 F.3d at 1198); *see also Lester*, 81 F.3d at 830–31.

While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The opinion of a non-examining physician (such as a state agency physician) may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The regulations require the ALJ to weigh the contradicted treating physician opinion, *Edlund*, 253 F.3d at 1157,[6] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); *see also Magallanes*, 881 F.2d at 751.

**2.   Analysis**

At step two, the ALJ found Plaintiff's obesity to be non-severe, stating that her obesity "caused no more than minimal limitation upon basic work activity[.]" (AR 24.) In assessing a claimant's RFC, an ALJ must consider the combined effect of all of the claimant's medically determinable physical and mental impairments, both severe and non-severe. 20 C.F.R. § 404.1545(a)(2), 20 C.F.R. § 416.945. The ALJ must also consider all the relevant medical evidence

---

[6] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

as well as other evidence. *Id.* § 416.945(a)(3). Pursuant to SSR 02-1p, "[the ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments." *Id.* Rather, "[the ALJ] will evaluate each case based on the information in the case record." *Id.* In this regard, "[i]n determining whether a claimant's obesity is a severe impairment, an ALJ must 'do an individualized assessment of the impact of obesity on an individual's functioning.'" *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (quoting SSR 02-1P) ); *see also Browning v. Colvin*, 228 F. Supp. 3d 932, 944 (N.D. Cal. 2017) ("the total omission of a claimant's obesity from the disability analysis may constitute reversible error"). Regardless of whether obesity is a "severe" impairment at step two, the ALJ must consider whether obesity causes limitations on a claimant's physical abilities or mental capabilities when determining the RFC. *See Davis v. Comm'r of Soc. Sec. Admin.*, No. CV2000201TUCDCBMSA, 2021 WL 2177226, at *2 (D. Ariz. May 28, 2021).

Examining physician Dr. Fabella assessed Plaintiff with "[l]ow back pain and arthralgias of the lower extremities, probably related to extreme obesity." (AR 406.) Dr. Fabella opined that, due to Plaintiff's extreme obesity and related back pain, Plaintiff was limited to: lifting and carrying 20 pounds occasionally and 10 pounds frequently; occasionally climbing, balancing, kneeling, and crawling; and never walking on uneven terrain, climbing ladders, and working at heights. (AR 406.) In his brief discussion of Plaintiff's obesity, the ALJ did not address these limitations opined by Dr. Fabella, ultimately affording "little weight" to Dr. Fabella's opinion. (AR 24–25.) The ALJ stated that Dr. Fabella's opinion was "inconsistent with the medical record, normal examination findings, and the overall evidence of record." (AR 25.) Although not specifically identified by the ALJ as a basis for its rejection, Dr. Fabella's opinion is contradicted by the opinions of the state agency physicians, who opined that Plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently. (AR 140, 156.) Thus, the ALJ was required to set forth "specific and legitimate reasons," supported by substantial evidence, for rejecting Dr. Fabella's opinion. *Trevizo*, 871 F.3d at 675.

The Court finds that the ALJ's asserted reasons for rejecting Dr. Fabella's opinion do not rise to the specific and legitimate standard set forth by the Ninth Circuit. To reject an opinion as inconsistent with the physician's notes or medical record, the "ALJ must do more than offer his

conclusions." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). The ALJ must "set[ ] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and mak[e] findings." *Magallanes*, 881 F.2d at 751 (citation omitted).

Here, the ALJ simply disagreed with Dr. Fabella's conclusions based on his own examination findings without any further explanation. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). In rejecting Dr. Fabella's opinion, the ALJ only cursorily stated that the opinion was "inconsistent with the medical record, normal examination findings, and the overall evidence of record." (AR 25.) The ALJ did not explain how Dr. Fabella's opined limitations—which were explicitly linked to Plaintiff's obesity and lower back pain (*see* AR 406)—were inconsistent with his examination findings. (AR 25.) The ALJ merely summarized Dr. Fabella's examination findings, without any discussion of how some of those normal findings (*e.g.*, Plaintiff had "good range of motion with forward flexion of 90 degrees" in her back and a negative straight-leg-raising test) conflicted with Dr. Fabella's opined limitations, which were based on Plaintiff's obesity and back pain. (AR 24–25.) "The mere listing of other normal findings is insufficient to discount [a physician's] opinion." *K.J. v. Saul*, No. 20–CV–03505–JCS, 2021 WL 1966672 (N.D. Cal. May 17, 2021) (citing *Willig v. Berryhill*, No. 16–CV–03041–MEJ, 2017 WL 2021369, at *5 (N.D. Cal. May 12, 2017) ("The ALJ erred by not explaining how the normal findings were inconsistent with the abnormal findings in light of [the plaintiff's] underlying conditions, and how the abnormal findings in and of themselves were insufficient to support [the physician's] conclusion that [the plaintiff] had 'work-preclusive mental limitations.'")).

The ALJ's conclusory assertion that Dr. Fabella's opinion was inconsistent with "the medical record" and "overall evidence of record" is likewise inadequate, as he failed to identify *which* of Dr. Fabella's stated limitations contradicted which parts of the broader medical record. In support of her contention that the ALJ did not err, the Commissioner points to normal findings at various examinations of Plaintiff in 2017 and 2018 (*see* Doc. 18 at 15–16), but the ALJ did not cite or refer to any of that medical evidence in his opinion (*see* AR 24–34). *See Bray v. Comm'r of Soc.*

*Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). Indeed, the ALJ's opinion is devoid of any detailed summation of other medical evidence to support his conclusion that Dr. Fabella's opinion is inconsistent with the overall evidence of record. (*See* AR 24–34.)

"Ultimately, an 'ALJ must provide a discussion of the evidence and an explanation of reasoning for his conclusion sufficient to enable meaningful judicial review.'" *Salazar v. Kijakazi*, No. 2:19–CV–2557 DB, 2021 WL 4033153, at *7 (E.D. Cal. Sept. 3, 2021) (quoting *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3rd Cir. 2009)). Because the ALJ failed to elaborate on his reasoning and identify specific conflicts with Dr. Fabella's examination findings and the overall medical record, the Court finds that the ALJ improperly rejected Dr. Fabella's opinion that Plaintiff was limited to light work due to her obesity. *See Frias v. Saul*, No. 1:20–CV–00097–JLT, 2021 WL 1811992, at *8 (E.D. Cal. May 6, 2021) ("The ALJ should clearly explain how identified findings conflict with specific limitations and not leave it to the Court to speculate as to the basis of his opinion. Without more, the ALJ failed to meet the level of specificity required by the Ninth Circuit to reject a treating physician's opinion as conflicting with other medical opinions."). Accordingly, as Dr. Fabella's opinion set forth physical limitations due to Plaintiff's obesity, the ALJ also failed to properly consider Plaintiff's obesity throughout the sequential evaluation process.

### 3. Harmless Error Analysis

The Court now turns to the analysis of whether this error by the ALJ was harmless. The Ninth Circuit "ha[s] long recognized that harmless error principles apply in the Social Security Act context." *Molina*, 674 F.3d at 1115 (citing *Stout*, 454 F.3d at 1054. As such, "the court will not reverse an ALJ's decision for harmless error." *Tommasetti*, 533 F.3d at 1038 (citing *Robbins*, 466 F.3d at 885).

An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (stating that an error is also harmless " 'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity' " (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004))). "In other words, in each case [courts] look at the record as a whole to determine whether the error alters the outcome of the case." *Molina*, 674 F.3d at 1115. "[T]he nature of [the] application" of the "harmless error analysis to social security cases" is "fact-intensive—'no presumptions operate' and '[courts] must analyze harmlessness in light of the circumstances of the case.' " *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1121). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki*, 556 U.S. at 409 (citations omitted).

Here, the Commissioner does not contend that any error by the ALJ in evaluating Dr. Fabella's opinion was harmless, and the record establishes that the ALJ's error was not harmless. If the ALJ had properly evaluated Dr. Fabella's opinion and included the light work limitation to which he opined, that may have changed the disability determination. Indeed, all of the jobs identified by the VE, and relied upon by the ALJ at step five, involved medium work. (*See* AR 33, 64.) Thus, the error was not "inconsequential to the ultimate nondisability determination," *see Molina*, 674 F.3d at 1115, and was not harmless.

**B.     The ALJ's Errors Warrant Remand for Further Proceedings**

Where the ALJ commits an error and that error is not harmless, the "ordinary . . . rule" is "to remand to the agency for additional investigation or explanation." *Treichler*, 775 F.3d at 1099 (citations omitted). The Ninth Circuit recognized a limited exception to this typical course where courts "remand[] for an award of benefits instead of further proceedings." *Id.* at 1100–01 (citations omitted); *see also id.* at 1100 (noting that this exception is "sometimes referred to as the 'credit-as-true' rule"). In determining whether to apply this exception to the "ordinary remand rule," the court must determine, in part, whether (1) "the record has been fully developed;" (2) "there are outstanding issues that must be resolved before a determination of disability can be made;" and (3)

"further administrative proceedings would be useful." *Id.* at 1101 (citations omitted). As to the last inquiry, additional "[a]dministrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time." *Id.* (citations omitted). Ultimately, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Swenson*, 876 F.2d at 689 (citation omitted).

The Court finds that the "credit-as-true" exception to the "ordinary remand rule" is inapplicable in this case because additional administrative proceedings would be useful. If the ALJ changes his evaluation of Dr. Fabella's opinion, he should incorporate any warranted additional limitations in the RFC. Conversely, there may be specific and legitimate reasons the ALJ can offer for discounting the opinion. *Cf. Voisard v. Berryhill*, No. 2:17–CV–1023–EFB, 2018 WL 4488474, at *5 (E.D. Cal. Sept. 19, 2018) ("That the ALJ failed to provide sufficient reasons for discounting plaintiff's subjective testimony in this instance does not compel a finding that he is unable to do so.").

Even if the ALJ decides to credit as true some or all of Dr. Fabella's opinion and adjust his RFC determination for Plaintiff, the ALJ may still conclude that Plaintiff is not disabled because she has the RFC to perform the requirements of other work that exists in significant numbers in the national economy. The ALJ may also elect to further develop the record, if deemed necessary. Further proceedings would therefore be useful to allow the ALJ to resolve this "outstanding issue[ ]" before a proper disability determination can be made. *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988).

On remand, the ALJ should reevaluate Dr. Fabella's opinion and address any necessary changes to the RFC determination. If the ALJ again discounts that opinion, he can then provide an adequate discussion of the specific limitations he is discounting and the specific evidence that contradicts Dr. Fabella's opinion. *See Payan v. Colvin*, 672 F. App'x 732, 733 (9th Cir. 2016). The ALJ must also reevaluate his conclusions at steps four and five of the disability determination in light of any changes to Plaintiff's RFC.

///

**C.      The Court Declines to Determine Plaintiff's Remaining Assertions of Error**

As the Court finds that remand is appropriate for the ALJ to reconsider the medical opinion evidence and re-assess Plaintiff's RFC, the Court does not reach Plaintiff's additional assertions of error regarding the ALJ's evaluation of the other opinion evidence. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Newton v. Colvin*, No. 2:13–cv–2458–GEB–EFB, 2015 WL 1136477, at *6 n.4 (E.D. Cal. Mar. 12, 2015) ("As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.      CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Shailey Michele Emery and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **September 22, 2021**               /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE